■ VINCENT MENNUTO, Appellant, v. JOHN M. LUDGEY et al., Respondents.— GREENBLOTT, J. Appeal from an order of the Supreme Court at Special Term, entered May 16, 1968 in Ulster County, which denied plaintiff's motion for summary judgment. In this negligence case, arising out of an accident on the New York State Thruway, appellant was traveling north in the center lane of the three northbound lanes. In the right lane, a truck, pulling a a boat on a trailer owned by respondent Hummel's Marine Supply Company, Inc., and driven by its employee, respondent Ganter, was proceeding in the same direction. In the far left or mall lane, respondent Ludgey was operating a car rented from respondent Hertz Corporation. Appellant contends that while the Hummel truck was swaying to and fro, causing appellant's vehicle, as well as others, to slow down, the Ludgey car suddenly applied its brakes and without warning, crossed over into appellant's lane of travel and struck the left rear of appellant's vehicle, causing the damages sued for. Special Term properly held that issues of fact are presented on the question of respondents' negligence as well as appellant's freedom from contributory negligence. The affidavit of respondent Ganter discloses that he did not know of the accident at all until he had been sued, never having been stopped at the time. Furthermore, he denies the charge of excessive speed. Denial of summary judgment against respondents Ganter and Hummel's Marine Supply Company, Inc., was proper under the rule of Terranova v. Emil (20 N Y 2d 493, 497), which precludes such determination in the case where knowledge of the facts is exclusively with the movant and a material portion of the defense might be expected to be conducted by cross-examination. Respondent Ludgey disputes whether an accident actually happened, and whether appellant suffered any damage inasmuch as he contends that no damage was apparent on his own car. In any event, there is sufficient here to present questions as to respondents' negligence and if established, the further issue of proximate cause, as well as appellant's contributory negligence, all of which must be reserved for the triers of the facts. Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.

■ In the Matter of VALENTINE A. NEGRON, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— REYNOLDS, J. P. Appeal from an order of the Supreme Court, Clinton County, denying appellant's application for an order to show cause in a proceeding brought under CPLR article 78 to compel the respondent to provide him with a jury trial to determine his mental status. The denial of an ex parte order to show cause is not appealable (Matter of Harris v. New York State Bd. of Parole, 7 A D 2d 662; Matter of Pennenga [People], 1 A D 2d 919). The appeal is therefore dismissed without prejudice to appellant's right to seek a jury trial through compliance with the relevant provisions of the Mental Hygiene Law. Appeal dismissed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD VON BRAUNSBERG, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Judgment affirmed, without costs, on the authority of People ex rel. Gallagher v. Follette (22 N Y 2d 239). Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur.